UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 18-80149-CR-RLR

UNITED STATES OF AMERICA,

v.

DOUGLAS ANIBAL CARDONA-GARCIA,

        Defendant.

_____/

**PRETRIAL DETENTION ORDER**

      The Court, pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, hereby ORDERS Defendant DOUGLAS ANIBAL CARDONA-GARCIA detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions will reasonably assure the safety of the community. Therefore, it is hereby **ORDERED** that Defendant, be detained prior to trial and until the conclusion thereof.

      1.      The United States seeks detention on the bases of risk of flight and danger to the community. The evidence adduced at the pretrial detention hearing consisted of the information contained in the Pretrial Services Report (including the Defendant's criminal history), the eleven-count indictment (Docket Entry 1), a proffer by counsel for the Government, and sworn testimony by DEA Special Agent William Lenihan. The Court relies on this evidence in making its findings.

      Title 18, United States Code, Sections 3142(g) requires the Court to consider the nature and circumstances of the offense, the weight of the evidence against Defendant, the history and

characteristics of the Defendant, and the nature and seriousness of any danger to a person or to the community caused by the Defendant's release. In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    a.    <u>The nature and circumstances of the offense charged.</u>

Defendant is charged by Indictment with committing the following federal crimes: (1) possession with intent to distribute 500 grams or more of cocaine, and (2) possession with intent to distribute less than 500 grams of cocaine, and (3) conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. If convicted, he faces up to life imprisonment on Count 1, up to 20 years in prison on Counts 2, 3, 4, 8, 9, and 11, and up to 40 years imprisonment on Counts 5, 6, 7, and 10. He faces a mandatory minimum sentence of 10 years on Count One and a mandatory minimum sentence of 5 years on Counts 5, 6, 7, and 10. The grand jury indictment establishes probable cause to believe the Defendant committed each of charged offenses. Therefore, pursuant to 18 U.S.C. § 3142(e)(3), there is the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

    b.    <u>The weight of the evidence against Defendant.</u>

The Defendant is alleged to be a high-ranking member of a multistate drug conspiracy that dealt in kilogram and multiple kilogram cocaine transactions. The Government proffered evidence based on wiretap intercepts, GPS monitoring, physical surveillance, drug seizures, and an undercover buy directly from the Defendant. The Government also proffered that approximately $94,000 in cash related to a drug transaction was seized from a car on April 18, 2018. The Defendant is alleged to have participated in a large-scale conspiracy to repeatedly

bring multiple kilogram quantities of cocaine from New York and Texas to Florida for resale.  It was proffered that wiretap intercepts showed the Defendant arranging with sources of supply to bring cocaine to Florida.  It was further proffered that the Defendant arranged with downstream sellers to distribute the cocaine after it arrived in Florida.  The evidence, as proffered, is substantial.

The witness called for cross-examination about the proffer was unable to answer many of the questions about the Defendant's activities.  Despite testifying that he had discussed the case with the case agents and reviewed reports in preparation for his testimony, he further was unable to substantiate many of the facts that were proffered by the Assistant U.S. Attorney.  The Government's failure to produce a witness for meaningful cross-examination about the proffer undercuts the weight the Court can give to the proffer.

    c.    <u>Defendant's history, characteristics, and criminal history.</u>

The Court takes judicial notice of the Pretrial Services Report, which reflects that the Defendant is a citizen of Guatemala who has been in the United States illegally for over 10 years.  He told Pretrial Services that he is separated from his wife and three children.  It is not clear if they reside in the United States or in Guatemala.  He has three siblings residing illegally in the United States.  His mother lives in Guatemala.  His father is deceased.  He has been living with a co-worker in Cocoa, Florida, for approximately 8 months.  For the last seven years, he has earned about $500 per week as a landscaper.

The Defendant has numerous traffic violations and convictions for failing to have a valid driver's license.  His criminal history report shows no convictions for crimes of violence and no failures to appear.

    d.    <u>The nature and seriousness of the danger to any person or the community that would be posed by Defendant's release</u>

The offenses charged involved the transportation and distribution of large amounts of dangerous addictive substances, which created a significant danger to the community.

After considering all these factors, the Court finds that the Defendant has failed to rebut the presumption that no condition or combination of conditions would reasonably assure the safety of the community or reasonably assure his appearance as required.  The Defendant is illegally in the country.  He has significant ties to Guatemala and no strong ties to the United States.  He faces a 10-year mandatory minimum sentence. All of these factors suggest motive to fee.  Moreover, there is probable cause to believe that the Defendant helped operate a large-scale drug operation using telephones.  Even if a corporate surety bond or home detention would reduce the risk of flight, they would not ameliorate the risk that he would continue to deal drugs in a way that creates a danger to the community.

Accordingly, the Court ORDERS that Defendant be DETAINED pending trial.  The Defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant must be afforded reasonable opportunity to confer privately with counsel. On order of a United States court or on request of a Government attorney, the person in charge of the corrections facility where Defendant is confined must deliver Defendant to the U.S. Marshal for the purpose of a court appearance.

DONE AND ORDERED in Chambers at West Palm Florida this 10th day of August, 2018

BRUCE E. REINHART
U.S. MAGISTRATE JUDGE